■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL RODRIGUEZ, Appellant. [646 NYS2d 874] —Appeal by the defendant from a judgment of the County Court, Westchester County (Smith, J.), rendered April 5, 1995, convicting him of burglary in the second degree, petit larceny, and criminal possession of stolen property in the fifth degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing (Lange, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made by him to the police.

Ordered that the judgment is reversed, on the law and the facts, those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made by him to the police are granted, and the matter is remitted to the County Court, Westchester County, for further proceedings in accordance herewith.

At the suppression hearing, Police Officer Henry Trabucco testified that on February 4, 1994, he and his partner, Police Officer Michael O'Brien, were on patrol in a residential neighborhood. At approximately 11:00 A.M., they observed the defendant walking on the sidewalk approximately 12 feet away from them, carrying a Macy's shopping bag with an electric cord hanging out and wearing a tan camera bag over one shoulder. The officers were generally aware that there had been numerous burglaries in that area but, at that point, none had been reported that morning. Based on a "hunch" that a crime might have occurred, the officers made a U-turn and pulled their patrol car up to the defendant. Officer Trabucco got out of the patrol car, approached the defendant and immediately asked him, *inter alia*, what "he had in the [shopping] bag".

In *People v Hollman* (79 NY2d 181, 191), the Court of Appeals held that in order to justify police questioning about the contents of a bag as part of a request for information, i.e., the minimal level of intrusion allowed under *People v De Bour* (40 NY2d 210), the facts apparent to the police must be "unusual", e.g., "a pillow case containing a television" *(People v Hollman, supra, at 191)*. In the case at bar, there was nothing unusual about a man carrying a Macy's shopping bag at 11:00 A.M. in this residential neighborhood. The People's argument that the police inquiry about the contents of the Macy's bag was nevertheless justified based on "a founded suspicion predicated on specific articulable facts that criminal activity [was] afoot" *(People v De Bour, supra, at 215; People v Hollman, supra)*, is unsupported by the evidence adduced at the suppression hearing. Since the physical evidence ultimately recovered from the

defendant, as well as his statements, all flowed directly from this illegal police conduct, the defendant's motion to suppress should have been granted (see, People v Battaglia, 56 NY2d 558, 560, revg 82 AD2d 389, on dissent of Hancock, J.). Mangano, P. J., Miller, Sullivan and Florio, JJ., concur.